UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

ISAAK ALMALEH, a/k/a "ISAAK IZRAEL," and ANTOANETA IOTOVA,

                       Defendants.

**ORDER**

17-cr-25 (ER)

---

Ramos, D.J.:

      On January 11, 2017 Isaak Almaleh and his wife, Antoaneta Iotova, were indicted for their involvement in a scheme to obtain real property though fraud. Doc. 2. They were arrested by law enforcement on January 25, 2017, and their trial began on March 2, 2022. On March 17, 2022, the jury returned a guilty verdict against the defendants on all counts: conspiracy to commit mail fraud and wire fraud (Count One), mail fraud (Count Two), wire fraud (Count Three), and making false statements to the FDIC (Count Four).

      On January 20, 2023, the defendants appeared for sentencing, and the Court determined that the total offense level pursuant to the U.S. Sentencing Guidelines was 31. Sentencing Transcript, Doc. 557 at 14. The total offense level was based on, among other things: (1) an 18-level enhancement because the loss was more than $5.7 million, (2) a 4-level enhancement because five or more victims suffered substantial financial hardship, and (3) a 2-level enhancement for obstruction of justice. *Id.* Thus, the applicable guidelines sentencing range was 108 to 135 months. After hearing from the parties, the Court imposed a sentence of time served (which amounted to approximately 30 months' imprisonment for each defendant), to be followed

by three years of supervised release. *Id.* at 28. In reaching its decision, the Court noted the offense was "very serious" and that the defendants defrauded the victims "at a time when they were most vulnerable." *Id.* at 30. The Court also noted that "the defendants, as is clear, also, have never accepted responsibility for what they did." *Id.* During sentencing, the Court also imposed restitution and forfeiture, each in the amount of $24,639.47. *Id.* at 34.

After sentencing, the defendants began their three-year term of supervised release. As of the date of this Order, they have been on supervised release for only approximately three months.

On March 29, 2023, the defendants filed a joint *pro se* motion for early termination of their term of supervised release. Doc. 559. Defendants inform the Court that Almaleh is "very sick" with a "severe cough" and "lung inflammation." Doc. 559. Defendants seek early termination of their supervised release primarily because of poor conditions at the shelter in which they are living, Almaleh's lung condition, their desire to relocate outside the country, and to visit their children.[1] *Id.* They claim that they have been "denied housing [for] 2 years, jobs, [and] city services." *Id.* They ask that the Court release them from probation so that they may relocate to another country. For the following reasons, the motion is DENIED.

Title 18 of the United States Code, § 3583(e)(1) authorizes the Court to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In addition to consideration of the 18 U.S.C. § 3553(a) factors, which speak to "deterrence, public safety, rehabilitation, proportionality, and consistency," early termination is warranted where "new or unforeseen circumstances" arise that "render a previously imposed

---

[1] Defendants do not provide a location where their children are currently residing.

term either too harsh or inappropriately tailored to serve" general punishment goals. *United States v. Lussier*, 104 F.3d 32, 35–36 (2d Cir. 1997).

First, pursuant to § 3583(e)(1), defendants have not served the requisite one year of supervised release to be eligible for its termination.  Secondly, defendants have failed to identify any extraordinary circumstances or unforeseen consequences stemming from their supervised release that warrants its early termination.  Almaleh suffered from similar medical conditions during sentencing.  Also, defendants lived in a shelter at the time of sentencing.  Sentencing Transcript, Doc. 557 at 22–23, 31.  Therefore, Almaleh's medical status and the defendants' living conditions cannot be seen as extraordinary or unforeseen circumstances.

Further, defendants provide no explanation as to how their term of supervision has resulted in the denial of housing, jobs, city services, and the ability to see their children.  As noted during sentencing, defendants "can ask through [their] probation officer for permission to travel outside of the district" to visit their children.  Sentencing Transcript, Doc. 557 at 36.

Accordingly, because the defendants do not meet the minimum one-year requirement for early termination of a term of supervised release and have not identified any extraordinary circumstance or unforeseen consequence stemming from their supervised release that warrants its early termination, the motion is denied.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 559.

It is SO ORDERED.

Dated: April 26, 2023
       New York, New York

_____
Edgardo Ramos, U.S.D.J.